# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| JEFFERY THEADORE DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-cv-1287 |
| ) | |
| RICHARD BIRKEY, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N and O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus (Doc. 1), the Motion for Order (Doc. 7), and the Motion to Supplement (Doc. 13) filed by Petitioner, Jeffery Davis and the Motion to Dismiss (Doc. 8) filed by Respondent, Richard Birkey. The Petition is DISMISSED WITHOUT PREJUDICE, the Motion for Order is DENIED AS MOOT, the Motion to Supplement is GRANTED, and the Motion to Dismiss is GRANTED.

### BACKGROUND

According to the Petition, Petitioner was convicted on December 23, 2009 for aggravated battery and sentenced to 5 years' incarceration by the McLean County Circuit Court. Petitioner states that he filed a direct appeal with the Fourth Judicial Circuit Court of Appeal and that the appeal is "pending." The Court has determined that, as of the date of this Order, the matter is still pending before the Illinois Appellate Court. Petitioner further indicates that he filed a "Petition for Leave to File Writ of Habeas Corpus" with the Illinois Supreme Court but that the

Motion was denied on September 17, 2010. Respondent points out that a post-conviction petition filed with the McLean County Circuit Court is also pending. In Petitioner's various filings, he does not dispute that both his direct appeal and his post-conviction petition are pending before the state courts.

In the Petition before this Court, Petitioner asserts that his criminal trial was fundamentally unfair in a number of ways including that his right to a speedy trial was violated, his conviction did not comport with due process, that he was maliciously prosecuted, that his right to an attorney was not honored, that his attorney provided ineffective assistance of counsel, that he is actually innocent, and that the evidence did not support a conviction. These claims are contained in six grounds for relief. Petitioner acknowledges that these are the very same grounds for relief that are currently pending before the state courts.

## DISCUSSION

Title 28 U.S.C. § 2254(b)(1)(A) provides that a writ of habeas corpus filed on behalf of a person in state custody cannot be entertained unless that prisoner has "exhausted the remedies available in the courts of the State." *See Gonzalez v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009) ("A federal court may not grant an application for a writ of habeas corpus from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies prior to seeking federal habeas relief."); *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009). The state court's must be given an opportunity, in the first instance to rule of Petitioner's federal claims prior to suit being filed in this Court. *Ward v. Hinsley*, 377 F.3d 719, 726

(7th Cir. 2004). Petitioner may refile his § 2254 Petition once he has exhausted his state court remedies.

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is DENIED WITHOUT PREJUDICE, the Motion for Order (Doc. 7) is DENIED AS MOOT, the Motion to Supplement (Doc. 13) is GRANTED, and the Motion to Dismiss (Doc. 8) is GRANTED.

Entered this <u>26th</u> day of January, 2011

<u>   s/ Joe B. McDade   </u>
JOE BILLY MCDADE
Senior United States District Judge
